# Exhibit E

1   STEPHANIE M. HINDS (CABN 154284)
    United States Attorney
2
    THOMAS A. COLTHURST (CABN 99493)
3   Chief, Criminal Division

4   CLAUDIA QUIROZ (CABN 254419)
    Assistant United States Attorney
5   C. ALDEN PELKER (MD)
    Trial Attorney
6   Computer Crime & Intellectual Property Section
    United States Department of Justice
7
         450 Golden Gate Avenue, Box 36055
8        San Francisco, California 94102-3495
         Telephone: (415) 436-7428
9        FAX: (415) 436-7234
         claudia.quiroz@usdoj.gov
10       catherine.pelker@usdoj.gov

11  Attorneys for United States of America

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                        SAN FRANCISCO DIVISION

15

16  UNITED STATES OF AMERICA,           )   Case No. CR 16-00227 SI
                                        )
17          Plaintiff,                  )   STIPULATION AND PROTECTIVE ORDER
                                        )   [PROPOSED]
18      v.                              )
                                        )
19  BTC-E, A/K/A CANTON BUSINESS        )
    CORPORATION,                        )
20                                      )
    and                                 )
21                                      )
    ALEXANDER VINNIK,                   )
22                                      )
                                        )
23          Defendants.                 )
                                        )
24

25

26

27  STIPULATION AND PROTECTIVE ORDER [PROPOSED]
    CR 16-00227 SI
28
                                    1

With the agreement of the parties, the Court enters the following Protective Order:

1. Defendant is charged with in a 21-count indictment with the following offenses: Operation of an Unlicensed Money Services Business, in violation of 18 U.S.C. § 1960 (Count One); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Two); Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) (Counts Three through Nineteen); and Engaging in Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957 (Counts Twenty through Twenty-One).  Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendants and the charged offenses to defense counsel.

### All Materials

2. The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information.  Protected Information is defined as:

    a. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

    b. Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information"); and

    c. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

3. The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

4. The defendant and defense counsel shall not disclose the Protected Information or their

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

Summary of Comments on

**Page: 3**

Number: 1 Author: Rizk, David    Date: 9/13/2022 2:39:00 PM
What is the justification for this restriction, which is not usually adopted in this district?

1    contents directly or indirectly to any person or entity other than persons employed to assist in the

2    defense (i.e., the "Defense Team," as identified below), persons who are interviewed as potential

3    witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize

4    disclosure (collectively, "authorized persons").

5         5.    Defense counsel and their investigators, assistants, employees, and independent

6    contractors (collectively, "the Defense Team") may review with the defendant all discovery material

7    produced by the government, but shall not provide a defendant with copies of, or permit defendant to

8    make copies of, or have unsupervised access to any discovery material produced by the government that

9    contains Protected Information, unless the Protected Information has first been **entirely redacted** from

10   the discovery materials.  The government and defense counsel are ordered to work together to ensure

11   that these materials are protected, but that defendant has as much access to the materials as can be

12   provided consistent with this Court's order.  Discovery material that clearly pertains to a specific

13   defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own

14   bank records, telephone records, and business records) may be provided to that defendant unredacted.

15        6.    The Defense Team may show witnesses Protected Information in the course of preparing

16   a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their

17   participation in the underlying events or conduct, would have seen or had reason to know such

18   information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with

19   or show the witness Protected Information.  Witnesses may only view Protected Information in the

20   presence of the Defense Team.  No witness or potential witness may retain copies of discovery material

21   that contains Protected Information after his or her review of those materials with the Defense Team is

22   complete.

23        7.    Defense counsel may also provide unredacted copies of Protected Information to any

24   experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all

25   members of the Defense Team, and any experts who receive Protected Information under this Order

26   shall be provided a copy of this Order along with those materials and shall initial and date the order

27

28   STIPULATION AND PROTECTIVE ORDER [PROPOSED]
     CR 16-00227 SI

Page: 4

Number: 1 Author: Rizk, David    Date: 9/13/2022 3:49:00 PM
This is inconsistent with

reflecting their agreement to be bound by it.

8.      The Defense Team shall maintain Protected Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Protected Information except as set forth in this Protective Order.

9.      This Order shall also apply to any copies made of any materials covered by this Order.

10.     If a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court. The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

11.     After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Protected Information (including any copies) within 30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that the Protected Information will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

**Scope of this Order**

12.     **Modification Permitted.**  This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

13.     **No Waiver**.  The failure by the United States to designate any materials as "Protected Information" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as Protected Information.

14.     **Disputes**.  The parties shall meet and confer prior to presenting any disputes arising

# Page: 5

---

Number: 1 Author: Rizk, David    Date: 9/13/2022 3:24:00 PM
This entire paragraph appears to be directed at the same purpose as the last paragraph (#9 below). I think #9 is sufficient and have concerns about the rest of this paragraph, especially the portion highlighted below.

---

Number: 2 Author: Rizk, David    Date: 9/13/2022 3:22:00 PM
The way this is phrased in particular is too ambiguous and unworkable. I've never seen such a restriction in a protective order and I cannot agree to it.

---

Number: 3 Author: Rizk, David    Date: 9/20/2022 4:39:00 PM
It does not make sense to have another whole section on "sensitive materials" when they are already covered by the standard definition of Protected Information.

1  under this Order, such as whether materials should be designated Protected Infromation, to the Court for

2  adjudication.

3       15.    **No Ruling on Discoverability or Admissibility**.  This Order does not constitute a ruling

4  on the question of whether any particular material is properly discoverable or admissible and does not

5  constitute any ruling on any potential objection to the discoverability of any material.

6

7

8  **IT IS SO STIPULATED.**                   STEPHANIE M. HINDS

9                                              United States Attorney

10

11  Dated:                                    _____/s/_____

                                            CLAUDIA QUIROZ

12                                              Assistant United States Attorney

                                            C. ALDEN PELKER

13                                              Trial Attorney, CCIPS Assistant United States

14                                              Attorney

15

16                                              ___/s/_____

                                            DAVID RIZK

17                                              Counsel for Defendant ALEXANDER VINNIK

18

19  **IT IS SO ORDERED.**

20

21  Dated:                                    _____

                                            SUSAN ILLSTON

22                                            United States District Judge

23

24  

25

26

27  STIPULATION AND PROTECTIVE ORDER [PROPOSED]

28  CR 16-00227 SI

                                              5

Page: 6

Number: 1 Author: Rizk, David    Date: 9/13/2022 3:41:00 PM
This is unworkable – we have to be able to disclose Sensitive Information to witnesses as needed to defend the case, same as Protected Information.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   **By initialing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| INITIALS | DATE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

STIPULATION AND PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

6