ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CLAUDIA QUIROZ (CABN 254419)
KATHERINE LLOYD-LOVETT (CABN 276256)
Assistant United States Attorneys
C. ALDEN PELKER (MD)
Trial Attorney
Computer Crime & Intellectual Property Section
United States Department of Justice

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7428
    FAX: (415) 436-7234
    claudia.quiroz@usdoj.gov
    katherine.lloyd-lovett@usdoj.gov
    catherine.pelker@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 16-00227-SI |
| Plaintiff, | UNITED STATES' STATUS REPORT |
| v. | |
| BTC-E, A/K/A CANTON BUSINESS CORPORATION, | |
| and | |
| ALEXANDER VINNIK, | |
| Defendants. | |

UNITED STATES' STATUS REPORT
Case No. CR 16-00227-SI

The United States of America ("the government") hereby submits this status report in the above-referenced matter to provide the Court with an update on their negotiations over the language in the Protective Order and pretrial deadlines.

**A.      Protective Order**

The parties appeared before the Court on June 2, 2023 for a hearing on defendant's motion to modify the Protective Order. *See* Dkt. No. 69. After the parties argued their respective positions, the Court deferred its ruling, and directed the parties to confer further and attempt to reach a resolution as to the language of the Protective Order.

The Court held a further proceeding on June 9, 2023, during which the parties represented to the Court that they were continuing to meet and confer about the Protective Order and hoped to reach an agreement as to the language.

At this juncture, the parties have been able to agree on most of the language in the Protective Order except for one clause proposed by the government, which would direct third parties to initial and date the order reflecting their agreement to be bound by the Protective Order, including its restrictions against further dissemination. The text of the agreed-upon paragraph three, including the clause at issue highlighted in bold font and underlined, is set forth below:

> Neither the defendant nor any member of the Defense Team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Sensitive Information within the meaning of this Order—to any third party[1] (i.e., any person who is not a member of the Defense Team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court, except that the Defense Team may show discovery materials produced by the government to third parties, including witnesses and consultants, in the course of preparing the defense of this case at trial or any related proceedings in this case, but only if (i) the third party, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the third party the materials. Any third party to whom the defense discloses discovery materials shall be also provided with a copy of this Order along with those materials **and shall initial and date the order reflecting their agreement to be bound by it, including its restrictions against further dissemination**. In addition, consistent with the Court's order, the defendant and the Defense Team may share undesignated material with the United States Department of State. This paragraph applies to the disclosure of discovery materials themselves, as well as detailed, substantially verbatim recitations of their contents; however, this paragraph does not

---

[1] This prohibition shall not extend to law enforcement personnel in Santa Rita Jail who will need to review digital discovery prior to providing it to the defendant. The Defense Team may send non-Sensitive Information to Santa Rita Jail and authorize disclosure to the Sheriff's Office for that purpose.

UNITED STATES' STATUS REPORT
Case No. CR 16-00227-SI

prevent the defendant or the Defense Team from discussing or disclosing particular non-sensitive facts of the case, notwithstanding that the defendant or the Defense Team's knowledge of these facts may have originated from their review of the discovery materials.

Defense counsel has proposed striking the highlighted clause above because he believes that asking people to abide by the Protective Order in this manner might dissuade potential defense witnesses from speaking with the defendant or defense team and that the Court lacks jurisdiction to enforce the Protective Order over third parties.

Conversely, it is the government's view that without that provision, defense counsel could technically be in compliance with the Protective Order when sharing discovery materials to a third party, only to have that third party share those materials freely without restriction, which would effectively eviscerate the purpose of the Protective Order in its entirety. In lieu of the existing language, the government proposed modifying that clause as follows: "and should be advised by the defense that they should abide by its terms, including its restrictions against further dissemination." Defense counsel does not agree to the addition of this alternative language.

**B.      Pretrial Deadlines**

During the Court hearing on June 9, 2023, the Court set a jury trial date in this matter for February 5, 2023. The Court directed the parties to meet and confer regarding the pretrial deadlines and to submit a pretrial schedule and proposed Pretrial conference date. *See* Dkt. No. 74.

The parties have met and conferred regarding the pretrial schedule but unfortunately have been unable to reach an agreement. The parties' respective proposed schedules are set forth below, but the general nature of their disagreement is that defense counsel proposes a schedule that stretches out over a longer period than what the government believes is reasonable and appropriate. Although defense counsel has cited the complexity of the case and existence of foreign-language documents as a justification for earlier deadlines (including a pretrial conference in December), the government disagrees with the need for such an expanded schedule, particularly in light of (1) government counsel's unavailability to prepare for trial in the fall given other trials in which two of the prosecutors are involved; (2) the schedule set forth in this Court's standard order for pretrial preparation (criminal), which largely mirrors the government's proposal; and (3) comparative pretrial schedules in other

complex cases tried in this district.

1. **Government's Proposed Pretrial Schedule**

The government proposes the following pretrial schedule:

| | |
|---|---|
| Government's expert disclosures due | October 13, 2023 |
| Substantive Rule 12 motions due | October 20, 2023 |
| Oppositions due | November 3, 2023 |
| Replies due | November 10, 2023 |
| Defense rebuttal expert disclosures due | November 13, 2023 |
| Hearing on substantive motions | November 17, 2023 |
| Deadline for disclosure of foreign language and English translations documents that are subject to any later disclosure deadline | December 15, 2023 *(Gov. may withhold cooperator Jencks given sensitivities of cooperator identities)* |
| *Daubert* motions, motions *in limine* due | December 1, 2023 |
| Oppositions to Daubert and motions *in limine* due | December 15, 2023 |
| Replies to Daubert and motions *in limine* due | December 22, 2023 |
| Pretrial conference statement, Rule 801(d)(2)(A), (E) and Rule 404(b) disclosures, proposed jury instructions, proposed jury questionnaire and voir dire, proposed verdict form, and witness and exhibit lists due | January 3, 2024 |
| Government provides any remaining *Jencks* material and discovery and any remaining disclosures under Local Criminal Rule 16-1(c). | January 22, 2024 |
| Pretrial conference | January 8, 2024 |
| Jury selection | February 5, 2024 |
| Trial | February 5, 2024 |

2. **Defense Counsel Proposed Pretrial Schedule**

The defense proposes the following pretrial schedule:

| | |
|---|---|
| Government's expert disclosures due | September 1, 2023 |
| Substantive Rule 12 motions due | September 8, 2023 |
| Oppositions due | September 22, 2023 |
| Replies due | September 29, 2023 |

UNITED STATES' STATUS REPORT
Case No. CR 16-00227-SI

| | |
|---|---|
| Hearing on substantive motions | TBD |
| Deadline for disclosure of foreign language and English translations documents that are subject to any later disclosure deadline | October 6, 2023 |
| Rule 16 deadline | October 30, 2023 |
| Witness and exhibit lists, Rule 801(d)(2)(A), (E) and Rule 404(b) disclosures due | October 30, 2023 |
| Defense rebuttal expert disclosures due | October 30, 2023 |
| *Jencks, Brady, Giglio* disclosures due | November 3, 2023 |
| *Daubert* motions, motions *in limine* due | November 17, 2023 |
| Oppositions to Daubert and motions *in limine* due | December 1, 2023 |
| Replies to Daubert and motions *in limine* due | December 8, 2023 |
| Pretrial conference statement, proposed jury instructions, proposed jury questionnaire and voir dire, proposed verdict form due | December 8, 2023 |
| Pretrial conference | December 15, 2023, at 11 a.m. |
| Jury selection | January 29, 2024 |
| Trial | February 5, 2024 |

As noted previously to the Court and defense counsel, two of the government attorneys in this matter are scheduled to be in trial in the fall: Assistant United States Attorney Katie Lloyd-Lovett will be in trial from September 18, 2023, through approximately September 29, 2022. CCIPS Trial Attorney C. Alden Pelker will be in trial in Washington, D.C. from September 14, 2023 through October 20, 2023. Accordingly, defense counsel's proposed Rule 12 briefing schedule is unfortunately not workable for the government. Government counsel's unavailability through mid-October similarly imposes a difficulty for what it believes are unnecessarily early deadlines for disclosures of foreign language translations, witness and exhibit lists, and Rule 801 and 404(b) disclosures. Moreover, while submitting witness and exhibit lists as well as co-conspirator statements and 404(b) disclosures four months ahead of trial may be advantageous and beneficial to the defense, it is uncommon and unreasonable. Indeed, this Court's Order for Pretrial Preparation (Criminal), sets a deadline for serving and filing witness and

UNITED STATES' STATUS REPORT
Case No. CR 16-00227-SI

exhibit lists *three court days* prior to the Pretrial Conference.  With respect to *Brady*, the government understands that this is an ongoing obligation and thus believes that setting a deadline is unnecessary.

      Finally, with respect to the pretrial conference, while the government appreciates defense counsel's desire to schedule it before the holidays, the reality is that setting it seven weeks before trial is unnecessary and divergent from this Court's practice (two weeks) and other complex criminal cases tried in this district.  *See, e.g.*, *United States v. David Lonich, Sean Cutting, Brian Melland*, No. CR-14-139-SI, Dkt. No. 223 (approximately eight-week jury trial against David Lonich and former executives of Sonoma Valley Bank for a series of offenses including conspiracy, bank fraud, wire fraud, money laundering, and other crimes setting pretrial conference two weeks before trial; witness/exhibit lists, verdict form, jury instructions, and trial brief three days before pretrial conference; and motions *in limine* five days before pretrial conference); *United States v. Joseph Sullivan*, No. CR-20-337-WHO, Dkt. No. 126 (three-week jury trial against former Chief Security Officer of Uber Technologies, Inc. for attempted cover-up of a 2016 hack of Uber setting pretrial conference two weeks before trial; witness/exhibit lists, seven days before pretrial conference; motions *in limine* fourteen days before pretrial conference; jury instructions seven days before pretrial conference); *United States v. Yevegeniy Alexandrovich Nikulin*, No. CR-16-440-WHA, Dkt. Nos. 118, 121 (7-day jury trial against Russian hacker setting pretrial conference less than two weeks before trial; all pretrial motions four weeks before the pretrial conference; translations two months before trial; witness/exhibit lists three months before trial; reciprocal expert disclosures two months before trial).  The government is prepared to provide the Court with additional examples.  Although the government recognizes that there are cases where pretrial conferences and other deadlines are set way in advance of trial and that this Court would appreciate additional time to consider the issues given the complexities inherent in this case, the government believes that a pretrial schedule that takes into consideration government counsel's scheduling conflicts

/ / /

/ / /

/ / /

/ / /

UNITED STATES' STATUS REPORT
Case No. CR 16-00227-SI

in the fall and a reasonable comparison with other cases warrants a pretrial schedule as proposed by the government.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

DATED: June 29, 2023

                                                                        __/s/_____
CLAUDIA QUIROZ
KATHERINE LLOYD-LOVETT
Assistant United States Attorneys
C. ALDEN PELKER
Trial Attorney, CCIPS Assistant United States Attorney