1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2

3  KATHERINE L. WAWRZYNIAK (CABN 252751)
   Chief, Criminal Division

4  CLAUDIA QUIROZ (CABN 254419)
   KATHERINE LLOYD-LOVETT (CABN 276256)
5  Assistant United States Attorneys

6  C. ALDEN PELKER (MD)
   Trial Attorney
7  Computer Crime & Intellectual Property Section
   United States Department of Justice
8
       450 Golden Gate Avenue, Box 36055
9      San Francisco, California 94102-3495
       Telephone: (415) 436-7428
10     FAX: (415) 436-7234
       claudia.quiroz@usdoj.gov
11     catherine.pelker@usdoj.gov

12  Attorneys for United States of America

13
                          UNITED STATES DISTRICT COURT
14
                         NORTHERN DISTRICT OF CALIFORNIA
15
                                SAN FRANCISCO DIVISION
16

17  UNITED STATES OF AMERICA,              ) Case No. CR 16-00227 SI
                                           )
18         Plaintiff,                      ) STIPULATION AND AMENDED PROTECTIVE
                                           ) ORDER [PROPOSED]
19     v.                                  )
                                           )
20  BTC-E, A/K/A CANTON BUSINESS           )
    CORPORATION,                           )
21                                         )
    and                                    )
22                                         )
    ALEXANDER VINNIK,                      )
23                                         )
                                           )
24         Defendants.                     )
                                           )
25

26

27  STIPULATION AND AMENDED PROTECTIVE ORDER [PROPOSED]
28  CR 16-00227 SI
                                          1

With the agreement of the parties, the Court enters the following Amended Protective Order:

1. Defendant is charged with in a 21-count indictment with the following offenses: Operation of an Unlicensed Money Services Business, in violation of 18 U.S.C. § 1960 (Count One); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count Two); Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) (Counts Three through Nineteen); and Engaging in Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957 (Counts Twenty through Twenty-One). Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendants and the charged offenses to defense counsel.

2. All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") may be used by the defendant and defense counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3. Neither the defendant nor any member of the Defense Team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Sensitive Information within the meaning of this Order—to any third party[1] (i.e., any person who is not a member of the Defense Team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court, except that the Defense Team may show discovery materials produced by the government to third parties, including witnesses and consultants, in the course of preparing the defense of this case at trial or any appeal of the case, but only if (i) the third party, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the third party the materials. Any third party to whom the defense discloses discovery materials shall be also provided with a copy of this Order along with those materials. In addition, consistent with the Court's order, the defendant and the Defense Team may share

---

[1] This prohibition shall not extend to law enforcement personnel in Santa Rita Jail who will need to review digital discovery prior to providing it to the defendant. The Defense Team may send non-Sensitive Information to Santa Rita Jail and authorize disclosure to the Sheriff's Office for that purpose.

STIPULATION AND AMENDED PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

2

undesignated material with the United States Department of State.  This paragraph applies to the disclosure of discovery materials themselves, as well as detailed, substantially verbatim recitations of their contents; however, this paragraph does not prevent the defendant or the Defense Team from discussing or disclosing particular nonsensitive facts of the case, notwithstanding that the defendant or the Defense Team's knowledge of these facts may have originated from their review of the discovery materials.

4. The United States will identify certain discovery materials as Sensitive Information by marking such materials "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Sensitive Information.  Sensitive Information is defined as:

   a. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

   b. Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information");

   c. Information that could reveal sensitive sources, techniques, information, or methods, including information pertaining to technical or confidential human sources; and

   d. Information regarding the existence and/or identities of other targets of the investigation.

5. The government shall exercise reasonable care in determining which discovery materials should be designated as Sensitive Information in order to avoid the over-designation of discovery materials as Sensitive Information.

6. Defense counsel and their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material

STIPULATION AND AMENDED PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Sensitive Information, unless the Sensitive Information has first been **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains to a specific defendant and does not contain Sensitive Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

7. The Defense Team may show witnesses Sensitive Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness Sensitive Information.  Witnesses may only view Sensitive Information in the presence of the Defense Team.  No witness or potential witness may retain copies of discovery material that contains Sensitive Information after his or her review of those materials with the Defense Team is complete.

8. Defense counsel may also provide unredacted copies of Sensitive Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the Defense Team, and any experts who receive Sensitive Information under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

9. The Defense Team shall maintain Sensitive Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Sensitive Information except as set forth in this Protective Order.

10. This Order shall also apply to any copies made of any Sensitive Information covered by this Order.

11. If a party files a pleading that contains or attaches Sensitive Information subject to this Order, the Sensitive Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court. The Clerk shall accept for filing under seal any filings so marked by the parties pursuant to this Order.

12. After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Sensitive Information (including any copies) within 30 days if the defendant consents to such destruction, or retain the Sensitive Information and ensure that the Sensitive Information will continue being kept under the conditions specified in this Order. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

### Scope of this Order

13. **Modification Permitted.** This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

14. **No Waiver**. The failure by the United States to designate any materials as "Sensitive Information" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as Sensitive Information.

15. **Disputes**. The parties shall meet and confer prior to presenting any disputes arising under this Order, such as whether materials should be designated Sensitive Information, to the Court for adjudication.

/ / /

/ / /

/ / /

STIPULATION AND AMENDED PROTECTIVE ORDER [PROPOSED]
CR 16-00227 SI

1  16. **No Ruling on Discoverability or Admissibility**.  This Order does not constitute a ruling
2  on the question of whether any particular material is properly discoverable or admissible and does not
3  constitute any ruling on any potential objection to the discoverability of any material.

5  **IT IS SO STIPULATED.**                              ISMAIL J. RAMSEY
                                                        United States Attorney

8  Dated: July 6, 2023                                  __/s/_____
                                                        CLAUDIA QUIROZ
                                                        KATHERINE LLOYD-LOVETT
                                                        Assistant United States Attorney
                                                        C. ALDEN PELKER
                                                        Trial Attorney, CCIPS

13  Dated: ~~July ____, 2023~~ September 26, 2023       __/s/ *Aleksandr Gruzman*_____
                                                        ALEKSANDR GRUZMAN
                                                        Counsel for Defendant ALEXANDER VINNIK

16  **IT IS SO ORDERED.**

18  Dated:  September 28, 2023                          _____
                                                        SUSAN ILLSTON
                                                        United States District Judge

STIPULATION AND AMENDED PROTECTIVE ORDER ~~[PROPOSED]~~
CR 16-00227 SI

6