ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CLAUDIA QUIROZ (CABN 254419)
KATHERINE LLOYD-LOVETT (CABN 276256)
Assistant United States Attorneys
C. ALDEN PELKER (MD)
Trial Attorney
Computer Crime & Intellectual Property Section
United States Department of Justice

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7428
    FAX: (415) 436-7234
    claudia.quiroz@usdoj.gov
    katherine.lloyd-lovett@usdoj.gov
    catherine.pelker@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 16-00227 SI |
| Plaintiff, | [FILED: January 17, 2017] |
| v. | |
| BTC-E, A/K/A CANTON BUSINESS CORPORATION, | |
| and | |
| ALEXANDER VINNIK, | |
| Defendants. | |

NOTICE OF RELATED CASES
CR 16-00227 SI; CR 22-00255 SI; CR 22-00256 MMC

v. 7/10/2018

1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 22-00255 SI |
| Plaintiff, | ) | |
| | ) | [FILED: July 12, 2022] |
| v. | ) | |
| | ) | |
| ALEXEI VIKTOROVICH BILUCHENKO, | ) | |
| a/k/a "Alexsey Viktorovich Bilyuchenko," | ) | |
| a/k/a "Алексей Викторович Билюченко" | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 22-00256 MMC |
| Plaintiff, | ) | |
| | ) | [FILED: July 12, 2022] |
| v. | ) | |
| | ) | NOTICE OF RELATED CASE IN A CRIMINAL ACTION |
| ALIAKSANDR KLIMENKA, | ) | |
| a/k/a "Alexander Klimenka," | ) | |
| a/k/a "Александр Клименко," | ) | |
| a/k/a "Аляксандр Клименка," | ) | |
| Defendant. | ) | |

The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the three above-captioned criminal cases are related. The three cases involve the same facts and circumstances, and concern in large part similar and collaborative conduct.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. BTC-e Background and Criminal Design

From its inception in or around 2011 until it was shut down by law enforcement in or around July 2017, BTC-e was one of the world's largest digital currency exchanges. *United States v. Aliaksandr Klimenka*, CR 22-00256 MMC, Indictment ("Klimenka Indictment") ¶ 5; *United States v. Alexei Viktorovich Biluchenko*, CR 22-00255 SI, Indictment ("Biluchenko Indictment") ¶ 4; *United States v. Alexander Vinnik*, CR 16-00227 SI, Superseding Indictment ("Vinnik SI") ¶ 1. In the years it operated, BTC-e processed several billion dollars' worth of transactions and served over one million users worldwide. Klimenka Indictment ¶ 5; Biluchenko Indictment ¶ 4; Vinnik SI ¶ 1.

BTC-e was one of the primary ways by which cyber criminals around the world transferred, laundered, and stored the criminal proceeds of their illegal activities. Klimenka Indictment ¶ 6; Biluchenko Indictment ¶ 5; Vinnik SI ¶ 1. In addition, BTC-e received criminal proceeds of numerous computer intrusions and hacking incidents, ransomware events, identity theft schemes, corrupt public officials, and narcotics distribution rings. Klimenka Indictment ¶ 6; Biluchenko Indictment ¶ 5; Vinnik SI ¶ 2.

BTC-e had no anti-money laundering and/or "Know-Your-Customer" (KYC) processes and policies in place, as federal law requires, and collected virtually no customer data. Klimenka Indictment ¶ 11; Biluchenko Indictment ¶ 10; Vinnik SI ¶ 6. As such, it was attractive to those who desired to conceal criminal proceeds, as it made it more difficult for law enforcement to trace and attribute funds. Klimenka Indictment ¶ 11; Biluchenko Indictment ¶ 10; Vinnik SI ¶ 6. BTC-e relied on shell companies and affiliate entities that were similarly unregistered with FinCEN and lacked basic anti-money laundering and KYC policies. Klimenka Indictment ¶ 12; Biluchenko Indictment ¶ 11; Vinnik SI ¶ 8.

BTC-e's system was designed so that criminals could accomplish financial transactions with anonymity and thereby avoid apprehension by law enforcement or seizure of funds. Klimenka Indictment ¶ 14; Biluchenko Indictment ¶ 13. BTC-e was thus used extensively for illegal purposes and functioned as the exchange of choice to convert digital currency like bitcoin to fiat currency for the criminal world. Klimenka Indictment ¶ 15; Biluchenko Indictment ¶ 14. BTC-e's operators, which included Klimenka, Biluchenko, and Vinnik, were aware that BTC-e functioned as a money laundering enterprise. *See* Klimenka Indictment ¶ 16; Biluchenko Indictment ¶ 15; Vinnik SI ¶ 45.

### B.   *United States v. Alexander Vinnik*, CR 16-00227 SI

On January 17, 2017, a federal grand jury in this district returned a superseding indictment against Vinnik, which alleged, among other things, that he and others directed and supervised BTC-e's operations and finances. Vinnik SI ¶ 1. The superseding indictment further alleges that, through Vinnik's efforts, BTC-e emerged as one of the principal means by which cyber criminals around the world laundered the proceeds of their criminal activity. *Id.* ¶ 2.

The superseding indictment also included charges against BTC-e, alleging that, despite doing substantial business in the United States, BTC-e was not registered as a money services business with the U.S. Department of the Treasury, had no anti-money laundering process, no system for appropriate "know your customer" or "KYC" verification, and no anti-money laundering program as required by federal law. *Id.* ¶ 6.

The superseding indictment charged BTC-e and Vinnik with one count of operation of an unlicensed money service business, in violation of 18 U.S.C. § 1960, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). In addition, the superseding indictment charged Vinnik with seventeen counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1), and two counts of engaging in unlawful monetary transactions, in violation of 18 U.S.C. § 1957.

      **C.**    *United States v. Alexei Viktorovich Biluchenko*, CR 22-00255 SI

On July 12, 2022, a federal grand jury in this district returned a two-count indictment against Biluchenko, similarly charging him with operation of an unlicensed money service business, in violation of 18 U.S.C. § 1960, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The indictment alleges that Biluchenko worked with Alexander Vinnik and others to operate BTC-e from 2011 until it was shut down by law enforcement in July 2017. Biluchenko Indictment ¶ 2. The Court ordered that the Vinnik and Biluchenko cases were related on June 21, 2023. *United States v. Alexei Viktorovich Biluchenko*, CR 22-00255 SI, Dkt. 10.

      **D.**    *United States v. Aliaksandr Klimenka*, CR 22-00256 MMC

On July 12, 2022, a federal grand jury in this district also returned a two-count indictment against Klimenka, again, charging him with operation of an unlicensed money service business, in violation of 18 U.S.C. § 1960, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The indictment alleges that Klimenka controlled Soft-FX, a technology services company, and FX Open, a financial company. Klimenka Indictment ¶¶ 2-3. The indictment further alleges that BTC-e's servers, which were one of the primary ways that BTC-e and its operators effectuated their scheme, were leased to and maintained by Soft-FX and Klimenka. *Id.* at ¶ 13.

//

## II. NOTICE OF RELATED CASES

Local Rule 8-1(a) provides that a new case should be related to an existing case that "is or was pending in this District." Crim. L.R. 8-1(a). This shall be done by filing a "Notice of Related Case in a Criminal Action" with the Judge assigned to the earliest filed action and serving all known parties with a copy of the notice. *Id.* Two cases are related for purposes of this rule if they (1) "concern one or more of the same defendants and the same alleged events, occurrences, transactions or property" or (2) "appear likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different Judges." Crim. L.R. 8.1(b).

Based upon these facts, these three cases are related within the meaning of Local Rule 8-1(b)(1) because they involve the same alleged events, occurrences, transactions, and property. Furthermore, the cases are related within the meaning of Local Rule 8-1(b)(2) because, if heard by separate judges, the actions likely would involve substantial duplication of labor by the two judges.

Per the requirement of Local Criminal Rule 8-1(c)(4), government counsel states that assignment of these cases to a single judge is likely to conserve judicial resources and promote an efficient determination of each action.

DATED: January 30, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
CLAUDIA QUIROZ
KATHERINE LLOYD-LOVETT
Assistant United States Attorneys
C. ALDEN PELKER
Trial Attorney, CCIPS

NOTICE OF RELATED CASES
CR 16-00227 SI; CR 22-00255 SI; CR 22-00256 MMC                                                        v. 7/10/2018

5